Doyle *v.* McClurkin, Appellant.

Argued May 27, 1958. Before Jones, C. J., Bell, Musmanno, Arnold, Jones and Cohen, JJ.

reargument refused July 31, 1958.

*John B. Pearson,* with him *G. Thomas Miller,* and *Bailey & Rupp,* for appellant.

*Joseph F. McVeigh,* with him *Heath L. Allen,* and *Myers, McVeigh and Mansfield,* and *Hull, Leiby and Metzger,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 1, 1958:

Did plaintiff's falsification of certain weekly business reports submitted to the defendant in accordance with the terms of their sales agency contract relieve the defendant of liability to account for commissions due the plaintiff under the agreement?

The legally significant facts for this appeal may be briefly stated.

In 1951 plaintiff, who was engaged in sales promotion, entered into an exclusive wholesale sales agency contract with defendant, a manufacturer, for the distribution of the latter's automotive product. By the terms of the contract plaintiff was required to employ two "missionary men" trained in selling and promoting the sale of defendant's product, and to undertake a program of "missionary work." When jobbers affiliated with the plaintiff had received shipments of defendant's merchandise, the missionary men were to accompany the jobbers on calls to their retail customers for the purpose of explaining and demonstrating the product. The employment of missionary men and the doing of missionary work was one of plaintiff's most important duties under the contract, and he was required to submit detailed reports on the missionary work done each week.

The contract contained specific grounds for its termination by either party and provided that: "In the event that this contract is terminated by either side excepting for fraud, deception and misrepresentation, deceit, etc. . . . [defendant] agrees to pay . . . [plaintiff] 10 percent of each month's billing of all accounts

that he had acquired for one year, excepting the last year of his contract."

In 1953 defendant terminated the agreement for four of the causes specified therein: (1) plaintiff had failed to use his best efforts to create a demand for defendant's product; (2) plaintiff had failed to fulfill his sales quota; (3) plaintiff had made certain sales outside of his assigned territory; (4) plaintiff had failed to employ two missionary men. Plaintiff then demanded his commission of ten percent of all of defendant's billings for the following year to customers whom he had procured. When his demand was refused, plaintiff brought this action to require the defendant to account.

Liability was denied by the defendant on the ground that plaintiff was guilty of fraudulent conduct discovered by the defendant after the contract was terminated. The asserted fraud consisted of misstatements in the weekly missionary work reports submitted to the defendant which purported to show that one of plaintiff's salesmen had accompanied a jobber and performed "missionary work" whereas, in fact, it was the jobber himself, not the salesman, who had performed the work reflected in the reports. However, the jobber had previously been a "missionary man", and capably performed all of the promotional activities described in the reports.

The lower court *en banc* held that the falsified reports did not constitute fraud within the meaning of the contract and hence entered a decree requiring the defendant to account for the terminal commissions due the plaintiff. An account was rendered by the defendant which, in due course, was confirmed and this appeal followed.

We agree with the court below that in no event can it be said that plaintiff's reporting that missionary

work was performed by his salesman accompanying a jobber, rather than by the jobber himself, constitutes such material and prejudicial misstatement of fact as would amount to fraud or deception within the meaning of the contract and thereby relieve defendant from liability to pay the plaintiff terminal commissions.

Decree affirmed at appellant's cost.